UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
August 13, 1982
WILLIAM F. CLAYT
        CLERI
mb

Oglala Sioux Tribe of the )
Pine Ridge Indian Reservation, )
                               )
            Plaintiff,         )    CIV82-5029
                               )
    vs.                        )    MEMORANDUM OPINION
                               )         AND
Homestake Mining Company,      )        ORDER
et al.,                        )
                               )
            Defendants.        )

P 194

    The Defendants, Homestake Mining Company, et al., have moved this Court for its order granting summary judgment in favor of the Defendants. The Plaintiff Oglala Sioux Tribe opposed the Defendants' motion and filed its own motion for partial summary judgment.

    This action constitues yet another attempt by the Oglala Sioux Tribe to litigate in federal court its claim of ownership of land in the Black Hills. The history of the prior litigation is set forth in great detail in <u>United States v. Sioux Nation</u>, 448 U.S. 371, 100 S.Ct. 2716 (1980). Most recently, however, the Tribe brought a quiet title action in this Court. The Complaint in that case (CIV80-5062) was filed on July 18, 1980, and in it the Tribe sought the following relief: (1) to quiet title in the Tribe to seven million acres of land comprising the Black Hills; (2) to enjoin the United States and other governmental defendants from removing minerals and other resources from the land, (3) to enjoin the Defendants from interfering with the Tribe's use and occupation of the land; and (4) to award damages against individually named defendants, including Homestake Mining Company, in the amount of ten billion dollars, for trespass and waste.

    In an opinion filed September 11, 1980, Judge Albert G. Schatz dismissed the Complaint against all defendants, including Homestake Mining Company. The Court concluded that the Tribe's action to recover the Black Hills was a suit against

the sovereign. The Court lacked jurisdiction over the United States which had not consented to be sued in federal court. The Indian Claims Commission Act provided the exclusive remedy for the Tribe. Finally, since the United States was an indispensible party to the litigation, and could not be sued in federal district court, the action had to be dismissed as against all private defendants. The Eighth Circuit Court of Appeals affirmed the decision dismissing the Tribe's action against all defendants, Oglala Sioux Tribe v. United States, 650 F.2d 140 (8th Cir. 1981), and denied a petition for rehearing on July 30, 1981. On January 18, 1982, the United States Supreme Court denied certiorari. 102 S.Ct. 1252.

    The Tribe then commenced this action against Homestake Mining Company and its individual corporate directors. In this case, the Tribe seeks the following relief: (1) to quiet title to approximately five acres of land included within Homestake Mine; (2) to enjoin Homestake from interfering with the Tribe's possession and ownership of the mine, and from removing minerals therefrom; and (3) to make an accounting for all gold and other resources taken from the mine since 1876, with interest; and (4) to award compensatory damages of one billion dollars and punitive damages of five billion dollars, for the alleged trespass of Homestake upon the Tribe's property. It is clear to this Court that the Tribe now seeks essentially the same relief against Homestake which it sought in the 1980 action.

    Upon closer examination of the pleadings and briefs of the Tribe, it is also clear that the basis for the Tribe's claim against Homestake is identical to that asserted in the 1980 case. In the 1980 case the Tribe asserted that Homestake "could not derive any title or interest from the United States . . . to any land, minerals or other interests" in the Black Hills. The Tribe argued that Congress unconstitutionally exercised its eminent domain power when it took the Black Hills from the

Sioux Nation in the Act of 1877. Thus, the taking failed to divest the Tribe of its interest in the Black Hills and no private party could acquire clear title to land in the Black Hills from the United States.

In this case, the Tribe alleges that Moses Manuel and A. C. Harney entered the Black Hills and located a mineral claim to the Homestake Mine in April, 1876, while the land was still part of the reservation set aside in the 1868 Treaty of Fort Laramie. On February 28, 1877, and by virtue of the 1877 Act, Congress took the Black Hills by eminent domain. The Manuel and Harney claim was relocated on March 15, 1877 by the filing of a supplemental notice of location. In the summer or fall of 1877, Manuel and Harney conveyed their interest in the claim to George Hearst, Lloyd Tevis and James Ben Ali Haggin. On November 5, 1877, the Hearst associates incorporated the Homestake Mining Company. The Homestake Mining Company applied for, and received a mineral patent for the Manuel claim on April 30, 1881.

The Tribe first contends that the illegal entry of Harney and Manuel on the reservation, prior to February 28, 1877, renders void _ab initio_ the claim of Homestake to clear title to the land and minerals in question. Second, the Tribe argues that the Act of 1877 failed to divest the Tribe of title to the Black Hills. In paragraph 16 of its Complaint, the Tribe states, "[t]he land in question, and the minerals attached, were never ceded to the United States by the Plaintiff and never became lands belonging to the United States to the date of filing this action." In its brief on file in this case, the Tribe asserts that the United States never constitutionally divested the Tribe's possession of the Hills under the 1877 Act. The Act, the Tribe argues, violated the Free Exercise Clause of the first amendment and the substantive ("public purpose") limitations on the exercise of federal eminent domain powers under the fifth amendment. Thus, the

Tribe concludes Homestake could never acquire clear title or a valid mineral patent to the land from the United States as a result of the 1877 taking.

It is at this point in the Tribe's pleading and argument that the essential nature of this case becomes apparent: this action is no more than an elaboration upon the claims the Tribe made against private defendants in the 1980 case. The claim of the Tribe against Homestake in this case, as in the 1980 case, is inextricably intertwined with its constitutional claims against the United States. The conclusion of Judge Schatz, therefore applies equally to this case. He concluded the 1980 case, in which Homestake was a party-defendant, was

> "A suit against the sovereign, that Congress created a special and exclusive remedy under the Indians Claims Commission Act for the claims raised here, and that accordingly this action cannot be maintained against the United States in this Court. Since the United States is obviously an indispensible party to this litigation, see Fed. R. Civ. P. 19, and has not consented to suit in this Court, the action must be dismissed. See, Stewart v. United States, 242 F.2d 49, 51 (5th Cir. 1957)."
> (CIV80-5062, Opinion filed September 11, 1980, at 12.)

Clearly, Homestake Mining Company, incorporated after the 1877 Act, would not now be a trespasser on tribal lands if the 1877 Act was constitutionally valid. Homestake asserts its rights in the land based upon patents which came through the United States. The United States, therefore, remains an indispensible party to any action in which the relief sought is based upon or affects title to lands in the Black Hills or any interest therein. Stewart v. United States, 242 F.2d at 51; Ward v. Humble Oil & Refining Co., 321 F.2d 775 (5th Cir. 1963), and cases cited. Accordingly, since the United States can never be joined in such a suit in district court, the Eighth Circuit agreed that the Indian Claims Commission Act effectively provides the exclusive remedy for the Tribe, even against private defendants.

For its position against dismissal of this case, based on the res judicata effect of the 1980 case, the Tribe attempts to distinguish its present suit from the 1980 case in several ways. First, the Tribe states that this case involves different parties. The defendant directors of Homestake were not parties to the 1980 case. This fact, of course, does not overcome the absence of the indispensible party, the United States. The Tribe also denies that Homestake was a party to the 1981 Eighth Circuit proceedings. Nonetheless, Homestake clearly was a defendant in the 1980 action and the Eighth Circuit affirmed the dismissal of the case against all private defendants.

The Tribe further denies that it assigned as error any issue concerning the Tribe's claims against private parties in its prior appeal to the Eighth Circuit. The Court of Appeals, the Tribe concludes, never reached the merits of those claims. The simple answer to this argument is this: the Court of Appeals agreed that the district court lacked jurisdiction to reach the merits of the claims against private parties. And the Tribe did assert as error the district court's dismissal of the claims against private parties. In its Statement of Issues on Appeal, Paragraph VI, the Tribe argued that "[t]he District Court erred in construing Rule 19 of the Federal Rules of Civil Procedure to require dismissal of equitable claims against private persons should the United States, as their predecessor in interest, be immune from suit." Furthermore, the Eighth Circuit denied the Tribe's petition for a rehearing en banc after it considered the Tribe's claim that the Indian Claims Commission Act did not extinguish the Tribe's claims against non-federal defendants in the 1980 case. The Eighth Circuit considered the Tribe's assignment of error, ¶IV, and its petition for rehearing, and then affirmed the dismissal against private defendants of the Tribe's claims to quiet title, and for damages for trespass and waste of minerals.

Finally, the Tribe contends that the present case raises theories of relief which were not raised in the 1980 case. The Tribe specifically states that its present claims are authorized by the Indian Trade and Intercourse Act of 1834 and by 28 U.S.C. §2415(b), (c) and (g), in conjunction with 28 U.S.C. §1362. The Tribe fails, however, to cite any authority which establishes that these statutes constitute a waiver of the sovereign immunity of the United States. 28 U.S.C. §2415 does not itself confer jurisdiction over an action by an Indian tribe. The Tribe admits that Section 2415 may be enforced only through actions brought pursuant to 28 U.S.C. §1362. Judge Schatz previously held that Section 1362 has not been read as a waiver of sovereign immunity and did not allow the Tribe's prior suit against Homestake to be maintained in the absence of the United States. The same must be said of the Indian Trade and Intercourse Act of 1834, and the specific sections of the Act cited by the Tribe in its Complaint. See, 25 U.S.C. §§180, 194.

Accordingly, this Court finds from the facts assumed for purposes of the cross-motions, that the Tribe's claims against Homestake derive from its claims against the United States, stated both in its briefs and in the 1980 case. The claims against Homestake rest upon the premise that the Act of February 28, 1877, 19 Stat. 254, did not constitutionally take the Black Hills from the Sioux Reservation, and that patents subsequently issued by the United States failed to convey clear title or mineral interests in the land to Homestake Mining Company. Thus, the decision of the Court in Oglala Sioux Tribe v. United States, 650 F.2d 140 (8th Cir. 1981) compels this Court to dismiss this action for lack of jurisdiction over the claim. The United States is an indispensible party and has not consented to be sued on this claim except in accordance with the Indian Claims Commission Act.

As a result of the 1980 case, it should have been clear to the Oglala Sioux Tribe that no action to recover specific land in the Black Hills could proceed in federal court if the action was based essentially upon the claim that the 1877 Act unconstitutionally removed the Black Hills from the Sioux Reservation. Perhaps the Tribe understood that decision and tried to avoid its impact by recasting its claim in this case as an action for trespass made prior to February 28, 1877, by predecessors to the notice of location for one mining claim of Defendant Homestake. The Complaint and briefs of the Tribe, however, clarify the nature of the Tribe's claim as one which depends upon a finding that the 1877 Act failed to divest the Tribe of its possessory interest in the Black Hills. This claim simply cannot be pursued in federal court, where the United States has not consented to be sued. The federal courts lacked jurisdiction over the claim in 1980, this Court lacks jurisdiction over the claim today. And unless Congress enacts some special legislation on behalf of the Tribe, the same claim could not proceed in federal court next month, or next year. The Tribe had its exclusive remedy for its Black Hills claim in the Indian Claims Commission. Any other relief can come only from Congress, and not from the federal courts.

For the reasons stated above, the cross-motions for summary judgment are denied, and the above-entitled matter is hereby dismissed for lack of jurisdiction.

Dated this 13th day of August, 1982.

BY THE COURT:

_____
ANDREW W. BOGUE
CHIEF JUDGE

ATTEST:

WILLIAM F. CLAYTON, Clerk

By  MARY BAUMGARTNER Deputy